**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-CV-02689-REB-MJW

HOLIDAY CREATIONS, INC., a Colorado corporation, and
FIBER OPTIC DESIGNS, INC., a Pennsylvania corporation,

      Plaintiffs,

v.

LED UP ENTERPRISES, INC., a California corporation, and
ATICO INTERNATIONAL USA, INC., a Delaware corporation,

      Defendants.

## ORDER DENYING PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM

**Blackburn, J.**

The matter before me is Plaintiffs' Motion to Dismiss Claim 1 of Defendant Led Up's First Amended Counterclaim Complaint Pursuant to F.R.C.P. 12(b)(6) [#59], filed June 16, 2005. I have jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). I deny the motion.

Plaintiffs in this case allege that defendants have infringed patents embodying rights in certain light emitting diode ("LED") light strings, such as are used for holiday decoration. Defendant Led Up Enterprises, Inc., ("Led Up") has filed counterclaims against plaintiffs for common law disparagement and tortious interference, as well as for unfair competition under 15 U.S.C. § 1125. However, because under federal patent law "'a patent owner has the right to . . . enforce its patent, and that includes threatening alleged infringers with suit'" ***Golan v. Pingel Enterprise, Inc.***, 310 F.3d

1360, 1370 (Fed. Cir. 2002) (citation omitted), such tort claims are preempted unless there is proof that plaintiffs' publicized their patent claims in bad faith, ***Globetrotter Software, Inc. v. Elan Computer Group, Inc.***, 362 F.3d 1367, 1374 (Fed. Cir. 2004) (citing ***Zenith Electronics Corp. v. Exzec, Inc.***, 182 F.3d 1340, 1355 (Fed. Cir. 1999)). Plaintiffs argue that Led Up's counterclaim fails to adequately plead bad faith and thus should be dismissed for failure to state a claim on which relief may be granted.

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P.12(b)(6), I must determine whether the allegations set forth in the complaint, if true, are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). "[T]he complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." ***Conley v. Gibson,*** 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); see ***Daigle v. Shell Oil Co.***, 972 F.2d 1527, 1533 (10th Cir.1992). The complaint must be construed in the light most favorable to plaintiff, and its allegations must be taken as true. ***Robinson v. City and County of Denver*** 39 F. Supp. 2d 1257, 1262-1263 (D. Colo. 1999) (citing ***Daigle***, 972 F.2d at 1533).

The parties disagree as to whether subjective bad faith is sufficient to state a tort claim that survives preemption analysis. I need not decide that debate at this juncture[1] because even under plaintiffs' proposed objective standard, the

---

[1] Nor could I, based on the current state of the pleadings. The counterclaim does not specify in what way the allegedly tortious communications were published, and the Federal Circuit has not yet determined whether a showing of objective bad faith is required when the patent has been publicized by means other than pre-litigation communications. ***See Globetrotter Software***, 362 F.3d at 1377 n.9.

counterclaim complaint withstands scrutiny under Rule 12(b)(6).  The objective standard requires "'a threshold showing of incorrectness or falsity, or disregard for either, . . . in order to find bad faith in the communication of information about the existence or pendency of patent rights.'"  *Golan*, 310 F.3d at 1371 (citation omitted). Although the counterclaim does not use the term "bad faith," it does allege that plaintiffs claimed Led Up's product infringed plaintiffs' patents "without sufficient basis or support."  (Led Up Enterprises, Inc.'s Answer to the First Amended Complaint and Counterclaims at 5, ¶ 17.)  Under the liberal standards of Rule 8, I find this allegation sufficient to suggest the "incorrectness or falsity, or disregard for either" of plaintiffs' infringement claims.

**THEREFORE, IT IS ORDERED THAT** Plaintiffs' Motion to Dismiss Claim 1 of Defendant Led Up's First Amended Counterclaim Complaint Pursuant to F.R.C.P. 12(b)(6) [#59], filed June 16, 2005, is **DENIED**.

Dated August 9, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge