**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:04-cv-02689-REB-MJW

HOLIDAY CREATIONS, INC.,
a Colorado corporation, and
FIBER OPTIC DESIGNS, INC.,
a Pennsylvania corporation,

     Plaintiffs,

v.

LED-UP ENTERPRISES, INC.,
a California corporation and ATICO
INTERNATIONAL USA, INC.,
a Delaware corporation,

     Defendants.

---

**ATICO'S FIRST AMENDED ANSWER AND COUNTERCLAIMS TO PLAINTIFFS'
FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

---

Pursuant to Rules 8, 12 and 13 of the Federal Rules of Civil Procedure, Defendant Atico International USA, Inc. ("Atico"), by and through its undersigned counsel, hereby submits its First Amended Answer and Counterclaims to the First Amended Complaint ("Complaint") filed by Plaintiffs Holiday Creations, Inc. ("HCI") and Fiber Optic Designs, Inc. ("FOD") in this action. As this case proceeds with continued investigation and discovery, Atico may find bases for amending this Answer and Counterclaims to assert other defenses and causes of action not presently included in this document.

**THE PARTIES**

1.    On information and belief, HCI manufactures and sells holiday related decorative lighting. Atico is without knowledge or information sufficient to form a belief as to the

1

remaining averments of Paragraph 1 of Plaintiffs' Complaint, and therefore denies the remaining averments.

2.  Atico is without knowledge or information sufficient to form a belief as to the averments of Paragraph 2 of Plaintiffs' Complaint, and therefore denies same.

3.  Atico admits that it has a place of business located at 501 S. Andrews Ave., Ft. Lauderdale, FL 33301 and that it sells a variety of products, including lighting products utilizing Light Emitting Diodes ("LEDs"), to retail stores, including, at times, Longs Drug Stores. Atico denies the remaining averments of Paragraph 3 of Plaintiffs' Complaint.

4.  Atico is without knowledge or information sufficient to form a belief as to the averments of Paragraph 4 of Plaintiffs' Complaint, and therefore denies same.

## JURISDICTION AND VENUE

5.  Paragraph 5 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Atico admits only that based on the allegations in the Complaint, this action likely arises under the patent laws of the United States.

6.  Paragraph 6 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Atico admits that under 28 USC §§ 1331 and 1338(a) the Court has original jurisdiction over civil actions arising under the Patent Laws.

7.  Paragraph 7 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Atico admits only that

2

based on the allegations in the Complaint, the named parties appear to citizens of different states for purposes of 28 U.S.C. § 1332(a) and that Plaintiffs allege the amount in controversy exceeds $75,000.

8. Paragraph 8 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Atico admits only that it has sold products, including products utilizing LEDs, to Longs Drug who resells the products in Colorado Springs. Atico is without knowledge or information sufficient to form a belief as to the averments in Paragraph 8 pertaining to LED-UP, and therefore denies same. Atico is without knowledge of information sufficient to form a belief as to the last sentence of Paragraph 8, and therefore denies same.

9. Paragraph 9 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, the Defendants admit only that based on the allegations in the Complaint, venue appears to be proper in this Court under 28 U.S.C. § 1391. Atico denies it has committed acts of patent infringement.

### FACTUAL BACKGROUND
### The Technology At Issue

10. Atico admits that FOD is listed as the assignee on the face of U.S. Patent No. 6,072,280 ("the '280 patent"), U.S. Patent No. 6,461,019 ("the '019 patent") and U.S. Patent No. 6,830,358 ("the '358 patent") and that a copy of a license agreement is attached to the Complaint as Exhibit 1. Atico is without knowledge or information sufficient to form a belief as to all of the remaining averments of Paragraph 10, and therefore denies same. Without limiting the foregoing, Atico specifically denies that HCI is the exclusive licensee of the patents in this action having the sole right to enforce the licensed patent rights based on FOD's retention of substantial

3

rights in the patents at issue. In addition, Atico denies that there is any case or controversy regarding the '280 patent.

11.  Atico admits that the patents at issue relate to a plurality of LEDs that are connected to a power supply. Atico denies the remaining averments of Paragraph 11 of Plaintiffs' Complaint. Without limiting the foregoing, Atico specifically denies that in the prior art "LEDs could only be connected to a direct current power supply or to an AC power supply that had been converted to a DC power supply."

12.  Atico admits that LEDs may consume less power to operate and that they may result in substantial energy savings as compared to "conventional holiday strings" using incandescent bulbs. Atico is without knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 12 of Plaintiffs' Complaint, and therefore denies same.

13.  Atico is without knowledge or information sufficient to form a belief as to the averments of Paragraph 13 of Plaintiffs' Complaint, and therefore denies same.

### HCI's Holiday Lights

14.  Atico admits that FOD granted to HCI a license to use certain intellectual property rights. Atico is without knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 14 of Plaintiffs' Complaint, and therefore denies same.

15.  Atico is without knowledge or information sufficient to form a belief as to the averments of Paragraph 15 of Plaintiffs' Complaint, and therefore denies same.

16.  Atico is without knowledge or information sufficient to form a belief as to the averments of Paragraph 16 of Plaintiffs' Complaint, and therefore denies same.

**Relationship Between HCI and Atico**

17.   Atico admits that in 2003 Atico entered into an agreement with HCI and FOD in which HCI granted Atico a right to solicit and accept orders from certain customers for products utilizing LEDs manufactured by HCI.  Atico also admits that the agreement restricted Atico from buying products covered by U.S. Patent No. 6,461,019 from any other vendor during the term of the agreement.  A copy of the agreement appears to be attached to the Complaint as Exhibit 2.  Atico denies the remaining averments in Paragraph 17 of Plaintiffs' Complaint.

18.   On current information and belief, Atico denies the averments in Paragraph 18 of Plaintiffs' Complaint.

19.   Atico admits that it terminated the Atico License Agreement between HCI, FOD and Atico on April 7, 2004.  Atico denies the remaining averments in Paragraph 19 of Plaintiffs' Complaint.

20.   Atico admits that during the Christmas 2004 season, various retail stores carried products utilizing LEDs indicating that they were supplied by Atico, and that some of these products included packaging that pictured LED lights which were similar to the products being sold.  On current information and belief, Atico denies the remaining averments of Paragraph 20 of Plaintiffs' Complaint.

**LED-UP's Infringing Lights**

21. Atico is without knowledge or information sufficient to form a belief as to the averments of Paragraph 21 of Plaintiffs' Complaint, and therefore denies same.

22. Atico is without knowledge or information sufficient to form a belief as to the averments of Paragraph 22 of Plaintiffs' Complaint, and therefore denies same.

23. Atico is without knowledge or information sufficient to form a belief as to the averments of Paragraph 23 of Plaintiffs' Complaint, and therefore denies same.

**FIRST CLAIM FOR RELIEF**
**Patent Infringement – '019 and '358 Patents**
**(Against Atico)**

24. Atico incorporates by reference its answers to the allegations set forth in Paragraphs 1-23 as if fully set forth herein.

25. Atico admits it knew of the '019 patent before the execution of the Atico License Agreement, but denies that this knowledge has any effect on any of Plaintiffs' allegations of infringement in Plaintiffs' Complaint.

26. Atico admits that FOD is listed as the assignee on the face of the patents in suit. Atico admits that copies of the '019 and '358 patents were attached to Plaintiffs' Complaint as Exhibits 4 and 5 respectively. Atico denies the remaining averments of Paragraph 26 of Plaintiffs' Complaint.

27. Atico has not committed any act which would give rise to liability for infringement of any valid claim of the '019 or '358 patents because no product used, manufactured, supplied, imported, offered for sale or sold by Atico comes within the scope of

any properly construed, valid claims of the '019 or '358 patents. Accordingly, Atico denies the averments of Paragraph 27 of Plaintiffs' Complaint.

28. Atico denies the averments of Paragraph 28 of Plaintiffs' Complaint.

29. Atico denies the averments of Paragraph 29 of Plaintiffs' Complaint.

30. Atico denies the averments of Paragraph 30 of Plaintiffs' Complaint.

**SECOND CLAIM FOR RELIEF**
**Patent Infringement – '019 and '358 Patents**
**(Against LED-UP)**

31. Atico incorporates by reference its answers to the allegations set forth in Paragraphs 1-30 as if fully set forth herein.

32. Atico admits that FOD is listed as the assignee on the face of the patents in suit. Atico denies the averments in Paragraph 32 of Plaintiffs' Complaint.

33. Atico is without knowledge or information sufficient to form a belief as to the averments of Paragraph 33 of Plaintiffs' Complaint, and therefore denies same.

34. Atico is without knowledge or information sufficient to form a belief as to the averments of Paragraph 34 of Plaintiffs' Complaint, and therefore denies same.

35. Atico is without knowledge or information sufficient to form a belief as to the averments of Paragraph 35 of Plaintiffs' Complaint, and therefore denies same.

36. Atico is without knowledge or information sufficient to form a belief as to the averments of Paragraph 36 of Plaintiffs' Complaint, and therefore denies same.

7

\*   \*   \*

Atico denies each and every allegation of the Complaint not specifically admitted herein.

## STATEMENT OF DEFENSES

1. The claims of the '019 and '358 patents are invalid and unenforceable under one or more provisions of Title 35, United States Code, including at least §§ 102, 103 and 112 thereof.

2. Atico has not committed any act which would give rise to liability for infringement of any valid claim of the '019 or '358 patent because no product supplied manufactured, used, imported, offered for sale or sold by Atico comes within the scope of any properly construed, valid claims of the '019 or '358 patent.

3. The sale, or offer for sale of any of Atico's products utilizing LEDs do not induce infringement of any valid, enforceable claim of the '019 and '358 patents.

4. To the extent that Atico placed orders with HCI and HCI supplied any products pursuant to the orders, then such products, if any, would be pursuant to a license agreement, and for any such products, the defense of license precludes a finding of infringement.

5. The claims of the '019 and '358 patents are unenforceable due to patent misuse and/or inequitable conduct.

6. HCI and FOD have failed to mark substantially all of the LED products sold by, on behalf of, or under license from, HCI and/or FOD with the appropriate patent numbers and therefore are not entitled to damages for any possible infringement prior to the filing of this action.

7. Atico reserves the right to offer additional defenses that cannot now be articulated due to Plaintiffs' failure to particularize its claims and/or the need for further discovery regarding Plaintiffs' claims.

## COUNTERCLAIMS

Defendant Atico, for its counterclaims against HCI and FOD ("Plaintiffs"), alleges the following:

1. Atico hereby incorporates by reference as if fully set forth again each defense and each answer stated above.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the subject matter of the counterclaims under 28 U.S.C. §§ 2201, 1331 and 1338 and 35 U.S.C. § 1 et seq.

3. Based on Plaintiffs' allegations in their Complaint, venue is proper in this district pursuant to 28 U.S.C. §§1391 and 1400(b).

4. Based on Plaintiffs' allegations in their Complaint and their filing of this action, this Court has personal jurisdiction over the counterclaim-Defendants.

## THE PARTIES

5. Atico is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business located at 501 S. Andrews Ave., Ft. Lauderdale, FL 3301. Atico sells a variety of products, including lighting products utilizing Light Emitting Diodes ("LEDs") to retail stores including at times, Longs Drug Stores in Colorado.

6.  HCI asserts in the Complaint that it is a corporation organized and existing under the laws of Colorado, having a principal place of business located at 5161 East Arapahoe Road, Suite 330, Littleton, CO 80122.

7.  FOD asserts in the Complaint that it is a corporation organized and existing under the laws of Pennsylvania, having a principal place of business located at 1790 Yardley-Langhorne Road, Suite 206, Yardley, PA 19067.

### FIRST CAUSE OF ACTION AGAINST PLAINTIFFS
### (The '019 Patent)

8.  Atico repeats and realleges the allegations of paragraphs 1-7 of its Counterclaims as if set forth herein.

9.  In the Complaint, FOD asserts it is the owner of, and HCI asserts that it is the exclusive licensee of, the '019 patent.

10. In the Complaint, Plaintiffs assert that the '019 patent has been infringed by Atico's sale of products utilizing LEDs.

11. There is a substantial and continuing controversy between Atico and Plaintiffs as to Plaintiffs' assertion of infringement of the '019 patent.

12. Atico has not directly or indirectly infringed, induced infringement of, or contributed to the infringement of any valid claim of the '019 patent.

13. The claims of the '019 patent are invalid, unenforceable and not infringed.

## SECOND CAUSE OF ACTION AGAINST PLAINTIFFS
### (The '358 Patent)

14. Atico repeats and realleges the allegations of Paragraphs 1-7 of its Counterclaims as if set forth herein.

15. In the Complaint, FOD asserts it is the owner of, and HCI asserts that it is the exclusive licensee of, the '358 Patent.

16. In the Complaint, Plaintiffs assert that the '358 patent has been infringed by Atico's sale of products utilizing LEDs.

17. There is a substantial and continuing controversy between Atico and Plaintiffs as to Plaintiffs' assertion of infringement of the '358 patent.

18. Atico has not directly or indirectly infringed, induced infringement of, or contributed to the infringement of any valid claim of the '358 patent.

19. The claims of the '358 patent are invalid, unenforceable and not infringed.

## THIRD CAUSE OF ACTION AGAINST PLAINTIFFS
### (Unenforceability of the '019 and '358 Patents)

25. Atico repeats and realleges the allegations of paragraphs 1-24 of its Counterclaims herein.

26. Under the patent laws and regulations, each individual associated with the filing and prosecution of a patent application before the United States Patent and Trademark Office has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Examiner responsible for the prosecution of the application all information known to be

11

material to patentability. This duty of candor further includes a duty to refrain from material misrepresentations or omissions to the Office during the prosecution.

27. The prosecution of a number of the applications within the family of patent applications that include the '019 and '358 patents were handled by different Examiners at the Patent and Trademark Office. Specifically, the applications that ultimately issued as the '019 and '358 patents were handled by Examiner Stephen F. Husar. The prosecution of U.S. Patent Application Serial No. 09/339,616 ("the '616 application"), the grandparent application for the '019 patent, was handled by Examiner Tuyet Vo.

28. During the prosecution of the patent applications within the family of the '019 and '358 patents, including the '616 application, which is the grandparent application for the '019 patent, FOD submitted a number of declarations in support of its arguments for patentability. These declarations were submitted under penalty of perjury in direct response to rejections over prior art references including, for example U.S. Patent No. 5,941,626 ("Yamuro"). Many of the underlying factual bases for these declarations were demonstrably false and/or misleading.

29. David Allen executed a declaration in support of the alleged commercial success stating in numerous instances that the commercial success of the LED products was directly derived from the reduction in power over the prior art light strings. Importantly omitted from these statements was the fact that the power reduction benefits are in comparison to traditional incandescent light strings, not the closest prior art LED light strings having resistors, such as those identified by the Examiners during the prosecution of the patents-in-suit. The comparisons were intentionally misleading.

30. Additionally, FOD submitted statements to the Examiner in support of its arguments for patentability from an allegedly neutral third party, Andrew Boschetto of International Marketing Corp., for, *inter alia*, the following proposition: "Prior to the Forever Bright line, no one in the industry had heard of a decorative LED light string, powered by AC, that did not require power conditioning circuitry, such as a transformer."

31. Mr. Boschetto, however, at the time the declaration was submitted was a commissioned sales representative, acting on behalf of FOD. FOD intentionally withheld this fact from the Examiner, clearly intending for the Examiner to rely upon these statements as being from an impartial third party.

32. When asked about a number of statements that he made in his declarations submitted to the Office, David Allen, the very individual that signed the declaration under penalty of perjury, disavowed direct responsibility for preparing, or for the accuracy of, these statements. Instead, he testified that he relied upon his attorney and did not independently confirm the accuracy of his statements in the declaration. This subsequent abandonment of the statements in the declarations evinces an intent on behalf of FOD and its attorneys during the prosecution of the patents-in-suit, to state whatever was necessary to convince the Examiner to allow the applications, regardless of the accuracy of the information.

33. Additionally, during the prosecution of the '616 application, similar to the prosecution of other applications within the same family, FOD's claims were repeatedly rejected as unpatentable in view of a number of prior art references. FOD appealed these rejections to the Office's Board of Patent Appeals and Interferences. On or about August 20, 2003, the Board of Appeals, comprised of three senior Patent Examiners, held oral argument.

13

34. At oral argument, the Board raised a number of substantial questions as to issues of patentability and priority of the subject matter in the '616 application and ultimately was remanded back to the Examiner in charge of the prosecution of the '616 application for further proceedings. These questions and issues were substantially different from those raised by Examiner Husar during the prosecution of the applications that ultimately issued as the '019 and '358 patents. These arguments raised by the three senior Patent Examiners on the Board of Appeals would have been highly relevant to Examiner Husar's examination of the applications that ultimately resulted in the patents-in-suit.

35. As a direct result of this adverse oral argument, FOD and its attorneys affirmatively elected to abandon the '616 patent application in an attempt to avoid an adverse decision that would affect their other prosecution efforts pending before Examiner Husar, including the '019 patent and the co-pending application that ultimately issued as the '358 patent.

36. Additionally, FOD and its attorney filed a continuation application, U.S. Application Serial No. 10/657,256 on September 9, 2003 (only 20 days after the argument). They intended that the abandonment would prevent the Board from issuing an adverse decision. Despite this effort to abandon the appeal, the Board issued its decision on September 25, 2003.

37. The Board's decision was highly material to the prosecution of the applications before Examiner Husar for at least the reason that the Board raised a new rejection based upon its reading of Yamuro and further questioned whether FOD's arguments for patentability were adequately supported in the applications. A reasonable Examiner would have considered this information to be highly material to the related applications that ultimately issued as the '019 and

'358 patents. Indeed, the reasons for allowance of the '019 patent were substantially identical to those arguments that were rejected by the Board. A reasonable Examiner would have considered the decision of the senior patent Examiners of the Board to be highly material to the prosecution of the applications at issue. Further, the decision was material for at least the reason that it would have highlighted the lack of support for FOD's claim of priority—thereby making the evidence of record pertaining to prior sales in 1999 (relied upon by FOD as evidence of commercial success in many of the related applications) a statutory bar to obtaining patent protection for the alleged inventions in the patents-in-suit.

38.     FOD and its attorneys intentionally elected not to submit the Board's decision to Examiner Husar despite their duty to inform the Examiner of concurrent proceedings in the Patent and Trademark Office.

39.     Each of these material misrepresentations or omissions by the individuals involved in the prosecution of the patents, where considered individually and/or in the aggregate, amount to a violation of the duty of candor with an intent to deceive the Examiner, thereby rendering the '019 and '358 patents unenforceable for inequitable conduct.

**FOURTH CAUSE OF ACTION AGAINST PLAINTIFFS**
**(Bad Faith Enforcement of Patent Rights)**

40.     Atico repeats and realleges the allegations of paragraphs 1-39 of its Counterclaims.

41.     HCI and FOD are asserting in bad faith the '019 and '358 patents against Atico and other competitors, despite the fact they knew, or should have known, the '019 and '358 patents are invalid, not infringed and/or unenforceable.

15

42.     FOD on numerous occasions during the prosecution of the patents-in-suit distinguished its alleged invention from an LED light string that included a current-limiting resistor, and thus, FOD and HCI are precluded from asserting the patents-in-suit against an LED light string having a resistor at any point in the circuit.  HCI and FOD knew, or should have known, before filing this action that Atico's LED light strings contain resistors, the very same current altering devices repeatedly and explicitly disclaimed during the prosecution of the prosecution history of the patents-in-suit.

43.     HCI and FOD also allege infringement of the '019 and '358 patent claims in spite of the Board of Patent Appeals and Interferences decision which raised material questions as to the validity and priority of the claims in the patents-in-suit.  FOD intentionally withheld this decision from the Examiner responsible for the prosecution of the patents-in-suit.  Tellingly, the arguments advanced by FOD in support of the patentability of the '019 patent are substantially identical to those arguments that were explicitly rejected by the Board.

44.     In an improper attempt to increase their sales and market share, HCI and/or FOD have represented on numerous occasions, including but not limited to the present action, that their intellectual property rights in LED light strings extend to any light string that plugs directly into an AC light socket and that it would be impossible to design around the patents-in-suit. These intentional misrepresentations are an improper attempt to exclude valid competition to increase HCI and FOD's sales and market share.

45.     On information and belief, HCI and/or FOD have also improperly misrepresented to Atico's customers and potential customers that Atico's products infringe the claims of the patents-in-suit and disparaged Atico's products .

46. Atico has disclosed to FOD and HCI detailed analyses that establishes that the patents-in-suit are invalid, not infringed and unenforceable.

47. FOD and HCI's continued misrepresentations as to the scope of their patents and their continued efforts to enforce these patents in the face of overwhelming evidence of invalidity, disclaimer and unenforceability are evidence that FOD and HCI are misusing the patents-in-suit in an effort to stifle lawful competition. Such conduct constitutes one or more of the following torts: tortious interference with contract or commercial relations; disparagement; common law unfair competition; patent misuses; and unfair competition under 15 U.S.C. § 1125(a).

48. Atico has been, and continues to be, damaged by these intentional misrepresentations in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION AGAINST PLAINTIFFS
### (Patent Mis-marking)

49. Atico repeats and realleges the allegations of paragraphs 1-48 of its Counterclaims herein.

50. On information and belief, HCI and FOD mark their light string products with a marking to indicate that the light strings are covered by the '019 patent.

51. On information and belief, the marking of the '019 patent on the FOD and HCI light string products is a false affixation of the patent number to an unpatented article as the properly construed claims of the '019 patent do not cover or read on the light string products that FOD and HCI has marked with the patent number of the '019 patent.

17

52. On information and belief, the false marking of the '019 patent on the FOD and HCI light string products has been done with an intent to deceive the public.

53. False marking is prohibited under 35 U.S.C. § 292 which provides that for a fine of up to $500 for each offense of falsely marking an unpatented article and that any person may sue for the penalty with one-half of the recovery going to the person suing and the other half going to the United States.

WHEREFORE, Atico prays for relief as follows:

    A. this Court adjudge and decree that the manufacture, use, sale, offer for sale, distribution and/or importation of Atico's products utilizing LEDs do not infringe any valid claims of the '019 and '358 patents;

    B. this Court adjudge and decree that the claims of the '019 and '358 patents are invalid;

    C. this Court adjudge and decree that the claims of the '019 and '358 patents are unenforceable due to inequitable conduct and patent misuse;

    D. this Court award damages to Atico for HCI and FOD's bad faith enforcement of their patents in an amount to be proven at trial;

    E. that this case be declared exceptional pursuant to 35 U.S.C. § 285 and that this Court award Atico the costs of this action, including reasonable attorneys' fees and litigation expenses;

   F. that this Court declare that FOD and HCI have mis-marked their LED light string products within the meaning of 35 U.S.C. § 292 and award Atico and the United States appropriate statutory damages; and

   G. that the Court order such further relief as the Court may deem just and appropriate.

Submitted this 1st day of September, 2005.

              s/ Floyd B. Chapman
              _____
              Floyd B. Chapman, Esq.
              Robert Scheffel, Esq.
              WILEY REIN & FIELDING LLP
              1776 K Street, NW
              Washington, D.C. 20006
              Telephone No.:  (202) 719-7000

              Reed R. Heimbecher, Esq.
              Brad J. Hattenbach, Esq.
              HEIMBECHER & ASSOC., LLC
              390 Union Blvd. Suite 650
              Lakewood, CO 80228-6512
              Telephone No.:  (303) 279-8888

              *Attorneys for Defendant Atico*
              *International USA, Inc.*

## CERTIFICATE OF SERVICE

I certify that on September 1, 2005, I electronically filed the foregoing document (Atico's First Amended Answer and Counterclaims To Plaintiffs' First Amended Complaint And Demand For Jury Trial) with the Clerk of Court using the CM/ECF system which will send notification of filing to the following email addresses:

| | | |
|---|---|---|
| Gregory S. Tamkin, Esq. | Sinor Scott, Esq. | J. Mark Smith, Esq. |
| Tamkin.Greg@dorsey.com | Sinor.Scott@dorsey.com | msmith@penberg.com |
| | | |
| Reed R. Heimbecher, Esq. | Brad J. Hattenbach, Esq. | |
| reed@heimbecher.com | Brad@heimbecher.com | |

    s/ Floyd B. Chapman
    _____

    Floyd B. Chapman, Esq.
    Robert J. Scheffel, Esq. (Co. Bar No. 33373)
    WILEY REIN & FIELDING LLP
    1776 K. ST., NW 20006

    Reed R. Heimbecher, Esq.
    Brad J. Hattenbach, Esq.
    HEIMBECHER & ASSOC., LLC
    390 Union Blvd., Suite 650
    Lakewood, Colorado  80228-6512
    (303) 279-8888

    Attorneys for Atico International USA, Inc.